■ Avon Products, Inc., Respondent, v Sheldon H. Solow, Doing Business as Solow Building Company, Appellant. [839 NYS2d 72]—

Judgment, Supreme Court, New York County (Walter B. Tolub, J.), entered March 26, 2006, which after a nonjury trial, dismissed defendant's counterclaim alleging misappropriation by plaintiff tenant of the name of defendant landlord's building in violation of the parties' lease, unanimously affirmed, with costs.

In proof of its counterclaim, defendant landlord Solow was obliged to show by a preponderance of the evidence that plaintiff tenant Avon used but did not pay for the right to formally and publicly name defendant's building. However, the evidence, fairly considered, permitted the court, sitting as trier of fact, to conclude that this burden had not been met. Although two of the four documents relied upon by Solow tend to show that Avon did refer to the building as the "Avon Building" in communications to persons outside the Avon organization, that is not sufficient to establish Avon's misappropriation of the building's name. The remaining two documents, letters to Diesel Construction and the New York City Board of Trade, are inconsequential and could not reasonably have been viewed as tipping the balance in Solow's favor. Solow's contention that an adverse inference should have been drawn against Avon for spoliation of evidence is without merit inasmuch as the trial court's finding that the publicity files at issue had not been destroyed by Avon was supported by the testimony of Avon's former director of public affairs, which it was the court's prerogative to credit (*see 300 E. 34th St. Co. v Habeeb*, 248 AD2d 50, 54-55 [1997]). Even if Solow had proved that Avon misappropriated the name of the building, damages, i.e., the value of the naming rights Avon "used but did not pay for," was not made out.

Solow's expert's valuation was based upon a purported offer made during lease negotiations which included exterior signage rights. The offer, however, was rejected by Avon and, in any case, did not involve the same bundle of rights that Avon is alleged to have misappropriated, i.e., public naming rights without signage. Moreover, Avon offered the testimony of three real estate experts explaining that they knew of no instance in which monetary value had been assigned to naming rights not including signage. The trial judge, sitting as the finder of fact, was entitled to credit that testimony (*id.*).

We have considered appellant's remaining contentions and find them unavailing. Concur—Lippman, P.J., Mazzarelli, Marlow, Buckley and Malone, JJ.